Dear Mr. Armetta:
As I appreciate your request, you would like an opinion on the following questions:
 (1) Do funds generated from a fund-raising campaign by parent/booster clubs using any of the school's facilities, students, faculty members or the school's name, come under the custody and control of a local school board according to LSA-R.S. 17:414.3?
 (2) Does the signature on the check by a principal satisfy the requirement of 17:414.3(B)(3)(a)?
 (3) Is there a difference in the meaning of "request for withdrawal" and "check" as used in the statute?
 (4) How does the use of a petty cash system apply to this legislative act?
LSA-R.S. 17:414.3 pertains to the duties of school principals in regard to the management of any money which accrues to the benefit of his school. In pertinent part it reads as follows:
 A. The principal of every public elementary and secondary school shall maintain a school fund as provided for in this Section for the management of any money which accrues to benefit his school. The money provided by the state or the city or parish school system for support of the regular instructional program or the school facility shall not be included in the school fund provided for in this Section; such money shall be managed as directed by the agency from which it is received.
 (B)(2) Separate records or ledgers shall be maintained by the principal, or his designee from among the school staff, for each of the following sources of deposits into the school fund account:
 (a) Each club, organization, association, class athletic team, or other organizational unit within the school, the existence of which complies with school and school board policy; the membership of which is either students, faculty, or employees of the school; and which generates money by collecting dues, conducting fund-raisers, charging admission, or some other money generating activity for a purpose which the entity intends to control.
 (b) Each donation made to the school by an entity outside the school, whether it be a parents club, community, business, or civic organization, or other donor, when such donation is made for a specific or restricted use or purpose.
 (c) All donations made by any entity referred to in Subparagraphs (a) and (b) of this Paragraph as well as all monies raised by the school population generally which are unrestricted and which are intended for discretionary use to benefit the school, its students, faculty, employees, programs, or facilities.
 (d) All monies raised in a school-wide effort for a specific use or purpose.
 (e) Any other money source, temporary or permanent, which is identifiable, approved by the principal, and has a need to maintain a record or ledger.
 (3)(a) No money shall be drawn on the school fund account without a request therefor; no withdrawal shall occur unless the check carries the signature of the principal, or the administrator who assumes his duties during his absence.
 (b) No monies shall be drawn on the school fund account unless the request for withdrawal of funds carries two signatures, one of which shall always be the principal's.
(c) The other signature shall be:
 (i) In the case of a request for withdrawal by an entity which has deposited pursuant to the status described in LSA-R.S. 17:414.3(B)(2)(a) and (e), an officer, member, or sponsor of the entity, designated by the entity.
 (ii) In the case of a request for withdrawal for the pursuit of a restricted use or purpose as described in LSA-R.S. 17:414.3(B)(2)(b), another school administrator, faculty member, or employee who is approved by the donor and is familiar with the purpose of the donation.
 (iii) In the case of a request for withdrawal of money deposited pursuant to LSA-R.S. 17:414.3(B)(2)(c) or (d), any other school administrator, faculty member or employee.
 (e)(i) Money deposited in the school fund pursuant to LSA-R.S. 17:414.3(B)(2)(a), (b), (d), and (e) shall be used according to the purpose for which it was generated or for the purposes selected by the depositing entities, provided such expenditures are approved by the principal as indicated by his signature on checks for withdrawals. (Emphasis added).
According, to the opinion of the Attorney General in Opinion Number 90-468, funds of independent parent groups and athletic booster clubs not sponsored or supervised by the school are not subject to school custody and control under Act No. 1066 of the 1990 Regular Legislative Session (enacting LSA-R.S. 17:414.3), and the school board's implied powers to regulate such activities are legislatively preempted.
However, LSA-R.S. 17:414.3 does not distinguish between funds that are generated through use of the school's facilities, students, faculty members, or the school's name, and those which are not. LSA-R.S. 17:414.3(B)(2) has "preempted the implied powers of school boards to place these independent funds under their control by enacting resolutions establishing a local policy requiring the deposit of such funds in the school fund under the control of the school principal." (Op. Atty. Gen. No. 90-468, September 20, 1990). Absent any statutory qualification of funds generated by use of a school's name or facilities, these monies should be managed in accordance with LSA-R.S.17:414.3. To interpret the provision otherwise would allow very few fund-raising activities to escape the supervision of the local school board.
The purpose of LSA-R.S. 17:414.3 is to provide for management of funds, other than those provided by the state or the city or parish school system, which accrue to the benefit of a certain school. In the management of these funds the statute distinguishes between those which are generated by organizations "within the school" for purposes which that organization intends to control and those which are generated by outside entities and are donated to the school for a specific or restricted use or purpose.
Whether the organization utilizes school facilities, students, faculty members, or the school's name should not be the determining factor. If the school has the benefit of funds generated from any of the above sources, the funds come under the custody and control of the school and must be accounted for by the principal in accordance with LSA-R.S. 17:414.3.
As to your second question, LSA-R.S. 17:414.3(B)(3)(a) provides that, "No money shall be drawn on the school fund account without a request therefor; no withdrawal shall occur unless the check carries the signature of the principal, or the administrator who assumes his duties during his absence." (Emphasis added). Thus, it is the opinion of this office that the signature of the principal on the check for withdrawal of funds from the school fund account is the requirement of LSA-R.S. 17:414.3 (B)(3)(a).
As to your third question, the term, "check," as used in the statute is not the same as a "request for withdrawal." Again, LSA-R.S. 17:414.3(B)(3)(a) provides that there must be a request in order for funds to be withdrawn from this account. This is a requirement separate and distinct from that of the principal's signature on each check for withdrawal. Further, the statute states that the request for withdrawal of funds must have two signatures, one being the principal's and one being from an enumerated list at LSA-R.S. 17:414.3(B)(3)(c)(i) through (iii).
Lastly, regarding your fourth question, any petty cash system that is implemented must function in accordance with this statutory provision, and with the relevant policies that govern any other petty cash system that might operate within your school.
I hope this opinion sufficiently addresses your concerns. Please contact me if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0194p